[No. 4556. Decided March 10, 1903.]

WILLIAM P. GILBERT, *Appellant,* v. D. G. WINDHUSEN, *Respondent.*

RESULTING TRUST—AGREEMENT TO PURCHASE LAND.

Where two parties take a joint option for the purchase of land, and then determine not to buy, but, after the expiration of the option, one of them purchases the land in his own interest, the other has no right of action to have the purchaser declared a trustee for his benefit.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge. Affirmed.

*Hamblen & Lund,* for appellant.

*John A. Peacock,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.— This action was instituted by the plaintiff to have defendant declared trustee for the benefit of plaintiff of an undivided one-fourth interest in eighteen sections of railroad land in Douglas county, Washington, upon payment of one-fourth of the purchase money; for a conveyance thereof; for a temporary injunction; and for an accounting of profits realized upon a re-sale. At the conclusion of plaintiff's case defendant moved to dismiss, because the facts proved do not entitle the plaintiff to any relief, which motion was granted, and a decree entered dismissing plaintiff's complaint, with costs. From a judgment of dismissal this appeal is taken, the appellant alleging that the court erred in sustaining the defendant's motion to dismiss plaintiff's complaint.

The record in this case is brief and simple, consisting of the testimony of the appellant and witnesses introduced in his behalf. The appellant, respondent, and one James H. Lefevre met Fruit, who was the owner of an interest in a railroad contract for the land described in the complaint, and obtained from him an option of a couple of days for the sale of said land. The option was paid, and the land examined. It had been agreed that, if the land suited the respondent, he would take a one-half interest in the same, and the appellant and Lefevre a one-fourth interest each. Upon the examination of the land, respondent was not satisfied with it, and so informed the appellant and Lefevre. He stated that he would not mind having one section of the land, but did not want the remainder at all. No other person being at hand to take his place, the matter was dropped, the time for which the option was taken expired, and Fruit, the owner of the land, was notified that the contract was at an end, appellant and Lefevre themselves refusing to pro-

eeed with the purchase of the land. In a week or ten days from the time the announcement was made that they would not purchase the land, respondent sought to purchase of Fruit one section of the land, which he had before expressed a desire for. Finding that he could not obtain this section without paying about as much as for the whole amount of land, he concluded to purchase the whole of the land, and did so. After appellant learned that respondent had purchased the land he demanded an interest in accordance with the original proposition. The respondent refused to allow the appellant any interest in the land, and this suit was brought.

It was the view of the court that, after the option had expired, any of the parties had a perfect right to buy the land upon any terms they might see fit, and that no one had a right to complain. This, we think, was the only view of the matter which the court could have taken. Fruit testifies that he was informed by the parties that the deal was at an end, and that they did not want the property; that, before he made the contract of sale with respondent, he tried to sell to two or three different parties; that he was under no obligation to hold it for them or for any one; that he considered the deal off. This was, evidently, the view taken by all parties and it does not seem that there was anything to prevent the appellant and Lefevre from securing the land if they saw fit. In fact, it does not appear that the purchase was deemed by them particularly desirable until after the land had been sold to respondent. We think the record absolutely fails to show any interest in the land by appellant, and that the action was properly dismissed.

Affirmed.

FULLERTON, C. J., AND HADLEY, MOUNT AND ANDERS, JJ., concur.